NATIONAL ELECTRIC SIGNALING CO. v. DE FOREST WIRELESS
TELEGRAPH CO. et al.

(Circuit Court, S. D. New York. April 7, 1906.)

PATENTS—INFRINGEMENT—WIRELESS TELEGRAPHING APPARATUS.
    The Fessenden reissued patent, No. 12,115 (original No. 727,331) claims 11, 23, and 25, for a receiver for electro-magnetic waves consisting of an extremely fine terminal "projecting into" a liquid, are infringed by the use of a metal strip $1/32$ of an inch wide, but inclosed in glass to the extreme edge, leaving an extremely fine area the end of which touches the surface of a similar liquid, the fine edge of the strip being the equivalent of the fine wire of the patent and the projection of such wire into the liquid as explained by the specification of the patent being merely such as to insure a perfect contact which is made if it touches the liquid.

In Equity. On motion for attachment for contempt.

William Houston Kenyon, for plaintiff.
Philip Farnsworth and Edmund Wetmore, for defendant.

WHEELER, District Judge: This cause has now been heard on a motion for an attachment for contempt by violation of the injunction heretofore granted herein upon Fessenden's reissued patent, No. 12,-115, for a receiver of electro-magnetic waves. Nat. Elec. Signaling Co. v. De Forest Wireless Tel. Co. (C. C.) 140 Fed. 449.

What was held to be an infringement and specifically enjoined was shown by stipulation, and consisted of the extremely fine wire terminal of the patent connected with the aerial wire and entering a liquid solution of caustic potash in the local circuit between this fine terminal and the larger electrode connecting to ground. There is some question as to whether or not use of the same devices has been continued by the defendants since the injunction; but the most important question now is whether use of a metal strip $1/32$ of an inch wide, but inclosed in glass to the extreme edge, leaving an extremely fine area touching the surface of a similar liquid to that of the patent, in the circuit of the local battery, is an infringement. As to this the prior De Forest and Smythe patent has been referred back to as showing this form to be within the description of that, and not within the injunction upon this, patent; and the varnishing of the surface of the bars to prevent short circuiting, is referred to as showing that the extremely fine terminal in question must have been thereby produced, and therefore was in that way shown. But varnishing about a point or line in space on a surface or edge would not appear to be any good way of showing that such an extremely fine terminal as that of this patent was being produced; and although that patent does not now any more than at the final hearing seem to show or hint at such a terminal in such an arrangement as that of this Fessenden patent. The statement that the inventors did "not intend to impose any limitation so far as the extent of area of the opposed surface is concerned," would not show anything further in that direction than had been set forth, nor seem to prevent a valid patent for any difference amounting to invention between what was so shown and what might afterwards be produced. Neither the claims of Fessenden's patent sustained nor the injunction appears to be limited in any way by this consideration.

The extremely fine aerial terminal appears to have been the invention of Fessenden in his hot wire barretter; the connection of it with this electrolytic liquid in the local circuit between the aerial and ground terminals appears to have been his invention in his liquid barretter, and covered by the claims upheld, and by the injunction.

It is argued now that these claims and the injunction are limited by their terms to a terminal extending into the liquid, and that the claims are not infringed nor the injunction violated by any arrangement of a terminal by which it merely touches the liquid. Each of the eleventh, twenty-third and twenty-fifth, does refer to the terminal as projecting into the liquid; but there is added to the eleventh "substantially as set forth"; and to the twenty-third and twenty-fifth each, "substantially as described." An immersion of platinum of a diameter of .0004 of an inch to the depth of .0002 of an inch is mentioned in the specification, "for example," but there is added: "The immersion of the terminals should be such as to insure what is known in the art

as a 'perfect contact' between the terminals and liquid." This perfect contact appears to be the operative and material thing, and the defendants' device in question appears to, and must to be of any use, have that.

The flat and extremely thin strip does not appear to operate any differently from the extremely fine wire of the patent; the shape whether flat or round is not material; nor does the touch of the fine strip to the surface of the liquid appear to act any differently from that of the extremity of the wire of the patent projecting such a short distance into the liquid; not the form, but only the fact, of the contact, is material. Here is the same arrangement of parts for which these claims of the patent were thought, and held, to be valid in the order of size that belongs to the minuteness of this art doing the same thing in substantially the same way.

It follows that .this must be held to be an infringement, and a violation of the injunction. Let an account be taken of the extent of all of the infringements.